[No. 6314.]

THE DENVER CITY TRAMWAY COMPANY V. KENNEDY.

1. **Jury—Challenge for Cause Denied**—A party who has exhausted his peremptory challenges may assign error upon the denial of a proper challenge for cause.— (419, 420)

2. ——**Prior Service**—Under the act of April 10, 1905 (Laws 1905, c. 116; Rev. Stats., sec. 3690), it is ground of challenge to one called as a juror that he has served in that capacity at any prior term of the same court, within one year next preceding, no matter for how short a time he so served, and even though the period of his service was not within one year. The challenge is given by statute, and where it appears that by the denial thereof the challenging party was put to a peremptory challenge of the juror, and exhausted all his peremptory challenges before the jury was impaneled, the denial of this challenge is fatal error. —(421, 422)

3. **Statutes—Construction**—In construing a statute, full effect is to be given to every word and phrase thereof, provided a proper, logical and reasonable conclusion is thus deduced.—(420)

Where a right given by the statute is denied, this court is not to go further and incorporate into the statute, by construction, what is not contained therein, in order to excuse the error, or defeat the legislative intent.—(422, 423)

Judicial legislation is to be carefully avoided.—(423)

*Appeal from Denver District Court* — Hon. GEORGE W. ALLEN, Judge.

Mr. CHARLES J. HUGHES, Jr., Mr. GERALD HUGHES, Mr. HOWARD S. ROBERTSON, and Mr. BERIAN HUGHES for appellant.

Messrs. BICKSLER, BENNETT & NYE for appellee.

Mr. JUSTICE HILL delivered the opinion of the court:

This action was brought by the appellee to recover damages for personal injuries sustained upon account of the alleged negligence of the appellant company The defendant interposed two defenses: the first was a general denial of the alleged acts of negligence; the second was the affirmative defense

of contributory negligence upon the part of the plaintiff, without which it is alleged the accident would not have occurred. A replication was filed to the second defense, which denied all new matter therein contained. A trial by jury resulted in a verdict and judgment in favor of the plaintiff in the sum of $4,000, from which this appeal has been prosecuted.

The first assignment of error pertains to the selection of the jury. This contention involves the proper interpretation of section 1 of an act approved April 10, 1905, found in the session laws of that year at page 280; this section reads as follows:

"Section 1. That the fact that any person summoned in any way to serve as a juror in any district or county court shall have served as a juror in either of said courts, at any prior term, within one year next preceding, shall be a sufficient excuse for such person from service, and may also be ground for challenge for cause to such individual summoned."

Section 2 of the act repeals all acts and parts of acts in conflict or inconsistent with the section above quoted.

It developed during the examination of the jurors upon their *voir dire* that Robert Black, one of their number, had been summoned in the district court on the 19th of April, 1906, and had then served upon the jury for a period of seven or eight days; that he was again summoned for duty on April 17th, 1907, and had served continuously from said last mentioned date up to and including the time of the trial of this cause, which took place on the 14th of May, 1907. Counsel for defendant interposed a challenge for cause, on the ground that the juror had served at a prior term of court within the period of one year. This challenge was overruled by the court with the remark "the statute says served." The defendant exhausted its four peremptory challenges, having used one of them upon the juror Robert

Black, hence it is in a position to urge this question. —*United Workmen v. Taylor,* 44 Colo. 373.

It is agreed that the terms of the district court for the second judicial district, where this cause was being tried, commence on the second Tuesdays in January, April and September.

As an aid in determining what was intended by this act, it is necessary to investigate previous legislative expressions upon this subject. It first received consideration in 1876; this act was repealed and a new one substituted in 1881, which was amended by the act of 1889, being section 2595 of Mills' Annotated Statutes, and this act was at least in part repealed by the act of 1891, being section 2609, vol. 3, Mills' Annotated Statutes.—*Dill v. The People,* 19 Colo. 469. This later act was, at least in the part under consideration, repealed by the act of 1905, above quoted; otherwise, in the language of Mr. Justice Elliott in the case of *Dill v. The People, supra,* unless that portion of the act of 1905 covering this question has this effect, it has no effect, a construction to be avoided if possible. It will be noted that in the act of 1889 the language used is "within the year next preceding"; the act of 1891 reads "within one year then last past"; while the act of 1905 uses the words "at any prior term within one year next preceding." Hence, when a comparison is made between the acts of 1889, 1891 and 1905, it will be observed that they are quite similar on this subject with the exception that the words "at any prior term" are inserted in the act of 1905, and precede the expression "within one year next preceding." The general rule in matters of this kind is to adopt a construction that will give full force and effect to every word and expression; provided a proper, logical and reasonable conclusion can be deduced by so doing.—*Lamborn v. Bell,* 18 Colo. 346; *City of Denver v. Campbell,* 33 Colo. 162.

The construction placed upon this statute by the trial court, and, as contended for by the appellee, makes it no broader in this respect than the previous act, and renders the words "at any prior term" nugatory. If counsel's contention is correct, these words might just as well have been omitted from the act. On the other hand, if the purpose was, as we think, to make it a ground of challenge of a juror who had served upon a jury *at any prior term* within the period of one year next preceding, despite the fact that a greater period of time than three hundred sixty-five days had elapsed, when this view is accepted, then full force and effect is given to the words "at any prior term," for which reasons we conclude that the language of this act means as it says, that where any person has been summoned to serve as a juror and shall have served at any prior term within one year next preceding, it means *at any prior term within a year next preceding,* regardless of the fact that the time of service may not have been within a year from that date, and that it is the terms of court which control. In other words, when the juror served at the April term, 1906, regardless of how short a period, it made it a ground of challenge to any one who so desired when he was again called and sought to be made a juror at the April term, 1907. This gives full effect to the entire section and was unquestionably what was intended by the language used.

Counsel for the appellee make the further point, conceding *arguendo* the correctness of this position, that there is nothing in the record to indicate that the defendant was thereby compelled to exhaust its last peremptory challenge on this juror, but that they could have used one on him, and still have had three left. They urge further, which is correct, that the record does show that this juror did not serve on the jury and they contend: (a) It is a rule of

paramount importance that errors committed in overruling challenges for cause are not ground of reversal, unless it be shown an objectionable juror was forced upon the challenging party after he had exhausted his peremptory challenges; (b) An objection that defendant was compelled to accept, because all his peremptory challenges were exhausted, a certain person called as a juror, will not be sustained where the record fails to show that such person was in all respects disqualified to sit as a juror; (c) Where it is not shown that defendant was prejudiced because he was compelled to challenge peremptorily a disqualified juror, the judgment will not be reversed; and (d) Unless it appears that defendant was deprived of a fair and impartial trial, the court will not reverse. And they cite Thompson on Trials, sec. 120, and a large number of cases from other states which they claim support these contentions.

An examination of the cases presented, so far as we have been able to ascertain, does not disclose that any of them were under a statute similar to ours, which divests the court of any discretion in the matter. This, to say the least, is of vital importance. In the case under consideration, the juror was not challenged because his examination disclosed any particular bias or prejudice.

The challenge here was a statutory one, the court did not attempt to exercise any discretion, but held, from the facts disclosed, that the juror did not come within its provisions so as to make him subject to challenge for the reasons stated in the act. In this the trial court erred, and it could be just as consistently argued that a judgment should not be reversed where the court had limited the number of peremptory challenges to less than the number allowed by law, unless the complaining party could show some further injury occasioned to him thereby

which could not usually be done in a case like the
one under consideration. Here a right given the de-
fendant by statute was denied. The injury com-
plained of was the denial of a statutory right; that
is the error the court committed, and that is the in-
jury complained of, the result of which compelled
the defendant to exhaust one of its peremptory chal-
lenges on this juror when it was entitled to have him
excused without so doing; this left the defendant one
less peremptory challenge to be used upon others.
The evidence was conflicting. Had the objection
been sustained, the personnel of the jury would have
been different. As to what effect this might or
might not have had upon the ultimate result of the
trial is a matter of pure conjecture, and is not for
the trial court, or even this court, to make a guess
at. When a privilege, which the legislature has
seen fit to give to a party litigant, has been denied
him and it is properly complained of on review and
this court ascertains that such right was denied him,
it has performed its duty. To go any further would
be to add to the statute a matter which the legisla-
ture did not deem proper to incorporate in it and is
to undertake judicial legislation, which the courts
should be exceedingly careful to avoid.

Complaint is made to the admission and rejec-
tion of evidence, the giving of several instructions
and the refusal to give others offered upon behalf
of the defendant, but as the error committed in the
selection of the jury will necessitate a reversal of
the judgment, we do not deem it necessary to con-
sider the other assignments which have been pre-
sented, for the reason, among others, that they have
been ably briefed upon both sides and the views
of each are now well known to the other, with the
possession of this knowledge in advance, upon a
second trial many matters now complained of, if
not all of them, may probably be eliminated and

thereby avoid any necessity for their future consideration.

For the reasons stated, the judgment is reversed and the cause remanded for a new trial.

*Reversed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE GABBERT concur.