**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Reo Shane PRATOR, Defendant– Appellant.**

**No. 90CA0312.**

Colorado Court of Appeals, Div. III.

Jan. 30, 1992.

Rehearing Denied March 19, 1992.

Certiorari Granted Aug. 10, 1992.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Laurie A. Booras, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Jeanne Winer, Sp. Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge NEY.

Defendant, Reo Shane Prator, appeals from a judgment of conviction entered upon a jury verdict finding him guilty of second degree murder. We reverse and remand for a new trial.

■ Defendant contends that the trial court erred by denying his challenge for cause regarding a prospective juror. We agree.

■ Trial courts are afforded broad discretion in ruling on challenges for cause to prospective jurors, and decisions denying such challenges will be set aside only when a clear abuse of discretion is disclosed by the record. *People v. Drake,* 748 P.2d 1237 (Colo.1988).

■ The factors of credibility and appearance which are determinative of bias are best observed at the trial court level. *People v. Arevalo,* 725 P.2d 41 (Colo.App. 1986). And, a prospective juror's expression of concern or indication of the presence of some preconceived belief as to some facet of the case does not automatically mandate exclusion of such person for cause. *People v. Drake, supra.*

We recognize that the trial court is granted broad discretion in determining whether prospective jurors should be excused when bias is claimed. *See People v. Drake, supra.* Here, however, the juror's responses to questions on voir dire indicated a clear expression of bias in favor of law enforcement witnesses, and thus, the trial court could not properly conclude that

the juror would render an impartial verdict. *See Nailor v. People*, 200 Colo. 30, 612 P.2d 79 (1980). Hence, we conclude the trial court abused its discretion by denying the challenge for cause as to this prospective juror.

However, here, a prospective juror indicated that her eldest son was a law enforcement officer in Alaska, and her husband was a former police officer, as was her father-in-law. When asked whether she would be able to set aside the fact that her family members are or were law enforcement officers and decide the case solely upon the evidence and the law she would hear in the courtroom, she replied, "I would like to believe I could do that."

Upon inquiry by defense counsel as to whether this prospective juror would regard the testimony of a law enforcement officer "a little stronger" than that of a lay person, she stated, "I would like to think that I would be a fair and honest person, but if you put two people side by side, and one has a police officer's uniform, I would be prone to listen to the police officer." She further indicated that she "really" had a doubt in her mind as to whether she could set aside her personal feelings when she listened to the testimony. She stated that she thought she would "end up" being biased.

Defense counsel then challenged the juror for cause with no objection by the prosecution. Neither the People nor the court made any attempt to rehabilitate the juror. The trial court denied the challenge, finding that the juror did not express a doubt that she could render an impartial verdict according to the law and the evidence submitted to the jury during trial. The defendant expended all of his statutory peremptory challenges, including one to excuse this juror.

We reject the People's contention that defendant failed to establish the requisite prejudice to complain on appeal of the trial court's ruling. Prejudice is shown if, as here, the defendant exhausts all of his peremptory challenges, and one of those challenges is expended on a juror who should have been removed for cause. *Peo-*

*ple v. Zurenko*, 833 P.2d 794 (Colo.App. 1991).

 Although it is within the court's discretion to grant additional peremptory challenges, Crim.P. 24(d)(3), we conclude that a defendant is not required to request an additional peremptory challenge to preserve this issue on appeal.

The judgment is reversed, and the cause is remanded for a new trial.

METZGER and CRISWELL, JJ., concur.