**The PEOPLE of the State of Colorado, Petitioner,**

v.

**Reo Shane PRATOR, Respondent.**

**No. 92SC244.**

Supreme Court of Colorado, En Banc.

July 26, 1993.

**838**

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John Daniel Dailey, Deputy Atty. Gen., Robert Mark Russell, First Asst. Atty. Gen., Laurie A. Booras, Asst. Atty. Gen., Denver, for petitioner.

Jeanne Winer, Boulder, for respondent.

Justice SCOTT delivered the Opinion of the Court.

In this appeal we are called upon to determine whether a criminal defendant who exhausts all of his peremptory challenges and uses one of those challenges to exclude a juror the trial court erroneously failed to excuse for bias is unduly prejudiced and, on conviction, entitled to a new trial. We conclude that he is. Accordingly, we affirm the court of appeals opinion

1. § 18–3–103(1)(a), 8B C.R.S. (1986).

reversing the jury verdict and granting a new trial.

I.

The facts are not in dispute. The defendant, Reo Shane Prator, was arrested and charged with second-degree murder.[1] A jury trial was held in the district court of Mesa County. During the prosecution's voir dire, prospective juror, Betty Steele, disclosed that her son was employed as a law enforcement officer in Alaska. When asked if that fact might cause her to give greater weight to a law officer's testimony, Steele said, "I would like to tell you no," then revealed that both her husband and her father-in-law formerly worked as police officers and that she, herself, was acquainted with a "good deal" of the police officers in the town.

Subsequently, when questioned by defense counsel, Steele admitted she would give greater weight to the testimony of a law enforcement officer than to the testimony of an individual not connected with law enforcement. The relevant exchange occurred as follows:

Counsel: Yesterday when [the prosecutor] was speaking with you, I think he had asked something to the effect, and I don't want to put any words in your mouth—or his mouth, so correct me if I misunderstood, I think he was asking you something to the effect of because of your close association with law enforcement, because of your husband, father-in-law and your son, would there be some inclination on your part to perhaps regard the word of a law enforcement officer perhaps a little stronger than a lay person or another citizen; and as I recall you said something to the effect of I would like to tell you no, but I'm not certain that I could. Did I understand that right?

Steele: That's correct; and I did spent [sic] some time thinking about it last night, and I would like to think that I would be a fair and honest person, but if you put two people side by side, and one

has a police officer's uniform, I would be prone to listen to the police officer. I'm sorry about that, that's just the way I am.

**Counsel:** [G]iven this type of case, do you feel in your own mind that perhaps you have some doubt as to whether you could set aside your personal feelings because of your experience, and set that aside when you listen to the testimony? Do you have a doubt in your mind that you could do that?

**Steele:** I really do. I really do.

**Counsel:** Do you think perhaps you might be more comfortable sitting on another type of a jury, perhaps one that didn't involve the word of a law enforcement officer versus the word of someone else?

**Steele:** In all fairness to this court, I think that that would be the proper thing to do. I think I would end up—maybe not meaning to, but I think I would end up being biased, I really do.

Following this examination, defense counsel asked that Steele be removed for cause because Steele "expressed a doubt that she would be able to give equal weight to the testimony of say, a law enforcement officer and a person who is not," and "when there is doubt expressed by a juror, it would be appropriate that she be excused for cause on this type of case." Although the prosecutor did not object, the district court denied the challenge for cause. The district court explained

> [Steele] has not expressed doubt that she could render an impartial verdict, according to the law and evidence submitted to the jury during trial, and she has expressed that she'd be uncomfortable; but comfort is not—to a juror is not the standard for determining whether they could be impartial.

The district court then allowed defense counsel another opportunity to question Steele to attempt to establish bias. During this examination, Steele stated that she was a law abiding citizen who believed in justice, but she could not judge "whether or not [she] would be the prime pick for a juror...." Steele concluded by stating her

belief that the court, including the defendant, could trust her. Defense counsel then ended her questioning without renewing the challenge for cause and later used a peremptory challenge to excuse Steele.

After defense counsel used each of her seven peremptory challenges, the court and defense counsel engaged in the following colloquy:

**The Court:** Any challenges for cause, Ms. Lake?

**Counsel:** No, your Honor.

**The Court:** The Court—do you feel you have any other peremptory challenges, Ms. Lake?

**Counsel:** I have seven, your Honor; I've done seven.

**The Court:** I count that you've exercised seven.

**Counsel:** Well, your Honor, given that's the limit, we would not request any further peremptories at this time.

There was no further discussion of this matter and the court subsequently swore the impaneled jurors for trial. The jury ultimately returned a verdict of guilt on the charge of second-degree murder, and Prator was sentenced to twenty years imprisonment.

On appeal, the court of appeals reversed Prator's conviction and remanded for a new trial. *People v. Prator*, 833 P.2d 819 (Colo. App.1992). The court of appeals initially found that Prator's challenge for cause was erroneously rejected: Steele "indicated a clear expression of bias in favor of law enforcement witnesses, and thus, the trial court could not properly conclude that the juror would render an impartial verdict." *Prator*, 833 P.2d at 820–21. The court then rejected the People's contention that the district court's failure to excuse Ms. Steele was not prejudicial: "Prejudice is shown if, as here, the defendant exhausts all of his peremptory challenges, and one of those challenges is expended on a juror who should have been removed for cause." *Id.* at 821. The court of appeals concluded that a defendant is not required to request an extra peremptory challenge in order to

preserve the issue for appeal, despite a trial court's power to allow additional peremptory challenges pursuant to Crim.P. 24(d)(3).[2]  *Id.*

We granted the People's petition for certiorari to determine whether the court of appeals erred in holding that prejudice is shown if a defendant exhausts all of his peremptory challenges and expends one on a juror who should have been removed for cause.[3]

## II.

The only issue before us is whether the trial court's error in refusing to grant the challenge for cause prejudiced the defendant below, Reo Shane Prator.[4]  The court of appeals held that Prator was prejudiced because he used all of his peremptory challenges and was forced to exercise one of his challenges on a juror who should have been removed for cause.  The People contend that Prator failed to show prejudice because he did not ask the district court to grant another peremptory challenge in addition to those allowed by statute, to take the place of the challenge erroneously rejected by the court.  Alternatively, the People argue that Prator cannot claim prejudice since he indicated he was satisfied with the composition of the jury by declining to request an additional peremptory in response to the district court's inquiry.  Before addressing these arguments, we will briefly examine the

source and the purpose of a criminal defendant's right to peremptory challenge.

Peremptory challenges serve "to eliminate extremes of partiality on both sides" and "to assure the parties that the jurors before whom they try the case will decide on the basis of the evidence placed before them, and not otherwise."  *Swain v. Alabama*, 380 U.S. 202, 219, 85 S.Ct. 824, 835, 13 L.Ed.2d 759 (1964).  "The peremptory challenge serves the purpose of providing both the defense and the prosecution with a greater opportunity to secure a balanced and impartial jury by rejecting 'a limited number of prospective jurors without cause.'"  *People v. Macrander*, 828 P.2d 234, 242 (1992) (quoting *ABA Standards for Criminal Justice, Trial By Jury*, § 15–2.6, commentary at 62 (1986)).  Although not recognized by the federal constitution, the Supreme Court has characterized the right to peremptory challenges as "one of the most important of the rights secured to the accused."  *Pointer v. United States*, 151 U.S. 396, 408, 14 S.Ct. 410, 414, 38 L.Ed. 208 (1894).  In Colorado, we recognize the significance of this right in section 16–10–104(1), 8A C.R.S. (1986) and Rule 24(d) of the Colorado Rules of Criminal Procedure.  Section 16–10–104(1) holds in pertinent part that "where there is one defendant and the punishment may be by imprisonment in a correctional facility, the state and the defendant shall each be entitled to five peremptory challenges."[5]

---

2.  Crim.P. 24(d)(3) provides that "[f]or good cause shown, the court at any time may add peremptory challenges to either or both sides."

3.  As originally phrased by the People, the sole issue upon which certiorari was granted was:

Whether the court of appeals erred in holding that prejudice is shown if a defendant exhausts all of his peremptory challenges and expends one on a juror who should have been removed for cause, where the defendant's attorney stated, in response to the court's inquiry, that she would not request further peremptory challenges.

However, as discussed in some detail in part III of this opinion, it is unclear whether the court meant to ask if defense counsel wished to request an additional peremptory challenge, or was merely attempting to confirm the fact that the defendant had used all seven of the chal-

lenges allowed by statute.  Thus, it appears that the issue on which certiorari was granted was mischaracterized as it implies that defense counsel's negative response to the court's question was a rejection of an offer of further peremptories.  Even if the court intended to inform the defendant that it would add one or more peremptory challenges, if requested, such intention is not clear nor could one conclude from the record that such intention was either adequately conveyed to or understood as such by the defendant's attorney.

4.  We declined certiorari review of the holding of the court of appeals that the trial court abused its discretion by denying Prator's challenge for cause as to the prospective juror, Betty Steele.

5.  In the instant case, each side was granted two additional peremptories because two alternate

Here, the district court's erroneous decision to deny Prator's challenge for cause effectively denied him his statutory allotment of peremptory challenges, since he was then forced to use one of the challenges on the juror who should have been removed for cause. In *People v. Macrander*, 828 P.2d 234 (Colo.1992), where the district court erroneously rejected a defendant's challenge for cause of a juror whose son was a deputy district attorney on the staff of the district attorney's office, we found such error by the trial court to be prejudicial. In reaching this conclusion, we reviewed a number of cases holding a trial court's erroneous denial of a challenge for cause to be prejudicial error [6] and found that

> [t]he rationale of these cases is that when a defendant is forced to utilize a peremptory challenge to correct a trial court's error in denying a challenge for cause, and thereafter exercises all available peremptory challenges on other prospective jurors, *the effect of the trial court's erroneous ruling on the challenge for cause is to impair the defendant's ability to change the ultimate composition of the jury* selected to try the case.

*Id.* at 244 (emphasis added). We therefore overruled our holding in *People v. Silvola*, 190 Colo. 363, 368, 547 P.2d 1283, 1288 (1976) (requiring that the defendant show he was "deprived of the right to challenge other prospective jurors because he was forced to exhaust his peremptory challenges to excuse the earlier suspect juror" in order to show prejudice [7]), *cert. denied*, 429 U.S. 886, 97 S.Ct. 238, 50 L.Ed.2d 167 (1976), and held that prejudice is shown where "a trial court's erroneous ruling on a challenge for cause [ ] is followed by the defendant's use of a peremptory challenge to remove the suspect juror and the defendant's exhaustion of all available peremptory challenges...." *Macrander*, 828 P.2d at 244.

The People contend *Macrander* is not dispositive of the issue here since the defendant there exhausted all available peremptory challenges and, unlike the instant case, asked for an additional peremptory challenge which request the district court denied. The People would have us require that, as in *Macrander*, a defendant request an additional peremptory challenge after using all of his statutorily-allotted challenges in order to meet the "exhaustion of peremptories" requirement. The People point out that contrary to our findings in *Macrander*, requiring a defendant to request an additional peremptory would have legal significance because Colorado Rule of Criminal Procedure 24(d)(3) provides that "for good cause shown, the court at any time may add peremptory challenges to either or both sides." *See Macrander*, 828 P.2d at 245 (rejecting a requirement that to show prejudice, a defendant must inform the court that if an additional peremptory challenge were to be granted it would be used against any one of the prospective

---

jurors were selected. *See* Crim.P. 24(e) (providing that, in addition to the number otherwise available, each side is entitled to an additional peremptory challenge for each alternate juror that is selected).

**6.** *See Morgan v. People*, 624 P.2d 1331 (Colo. 1981); *Nailor v. People*, 200 Colo. 30, 612 P.2d 79 (1980); *In the Interest of R.A.D.*, 196 Colo. 430, 586 P.2d 46 (1978); *Harris v. People*, 113 Colo. 511, 160 P.2d 372 (1945); *Denver City Tramway Co. v. Kennedy*, 50 Colo. 418, 117 P. 167 (1911).

**7.** Interpreting this requirement in three alternate ways, we found the *Silvola* test "basically flawed." *Macrander*, 828 P.2d at 245. First, we rejected a requirement that the defendant allege or show that a juror who heard the case was actually subject to dismissal by a challenge for cause, since such a requirement would impose "an extremely onerous, if not impossible, burden on a defendant." *Id.* at 245. Secondly, we refused to require that a defendant identify a prospective juror he would remove by an additional peremptory challenge, and then state the reason why the juror would be removed, since such a requirement would add nothing of legal significance to the first requirement (exhaustion of all peremptories). *Id.* Finally, we rejected a third interpretation whereby a defendant would be required to inform the trial court that if an additional peremptory challenge were to be granted, it would be used against any one of the prospective jurors, since such a requirement also would be without legal significance because the number of peremptory challenges is set by statute and is not a matter of judicial discretion. *Id.*

jurors, as "without legal significance" since the number of peremptory challenges is set by statute and is not a matter of judicial discretion).

While we agree that *Macrander* relies in part on the assumption that trial courts lack discretion to grant additional peremptories, *Macrander*, 828 P.2d at 245, the more significant and controlling rationale behind our decision is our recognition of the adverse effect of a trial court's erroneous ruling on a challenge for cause upon a defendant's "opportunity to secure a balanced and impartial jury" through the exercise of peremptory challenges in a criminal case. *Id.* at 242–44. In *Macrander* we concluded, as we do today, that requiring a defendant to request an additional peremptory is immaterial to the harm the defendant may suffer due to the trial court's error:

> The most that such requirement [requesting an additional peremptory challenge] might do is to provide the trial court with an opportunity to correct its erroneous ruling on the challenge for cause. A trial court, however, has the power to correct a prior erroneous ruling upon its own motion with or without any request to do so by the defendant. As in the case of the prior reading of *Silvola*, *we fail to see how this additional requirement would add to or detract from the prejudice already established by the cumulative effect of the trial court's ruling on the challenge for cause, the defendant's use of a peremptory challenge to excuse the suspect juror, and the defendant's exhaustion of all available peremptory challenges authorized by statute.*

*Macrander*, 828 P.2d at 246 (emphasis added).[8]

Thus, we decline to adopt the People's contention that in order to prove prejudice where a trial court has erroneously rejected a challenge for cause, a defendant must request an additional peremptory challenge

as a supplement to those allotted by statute. The fact that a trial court maintains discretion to grant such a request does not mean that a defendant must make such a request or waive the right to assert prejudicial error. By erroneously rejecting the challenge for cause, the district court forced Prator to use a peremptory challenge to excuse the biased juror, thus leaving him with one less challenge to affect the composition of the jury. If the challenge for cause had been granted, the composition of the jury might have been different and the result of the trial might have been altered. *See In the Interest of R.A.D.*, 196 Colo. 430, 433, 586 P.2d 46, 48 (1978) (finding reversible error in a juvenile proceeding where a challenge for cause was erroneously rejected since "[n]o one can tell what effect [the trial court's] error might have had upon the trial's outcome and it is not for us to speculate").

In sum, we affirm the holding of the court of appeals that Prator was prejudiced by the trial court's error since he exhausted his entire supply of statutorily-authorized peremptory challenges and used one of the challenges to excuse the biased juror. Simply because *Macrander* did not address the impact of Rule 24(d)(3) and assumed that a trial court is without discretion to grant additional peremptories, we do not feel obligated to adopt the position of the People and thereby create an additional hoop through which the defendant must jump in order to claim prejudicial error on appeal.

### III.

■ Additionally, the People argue that regardless of whether we adopt the requirement that a defendant request a peremptory challenge in addition to defendant's statutory allotment, the record shows that Prator was not prejudiced by the district court's error since he rejected the court's offer of an additional peremptory challenge. By rejecting the district

---

**8.** Although the People's proposed requirement, that a defendant must request an additional peremptory challenge in order to show prejudice, was phrased in slightly different language

in *Macrander, see infra* note 7, the rationale behind the court's holding there is equally applicable to the instant case.

court's offer, the People contend, Prator indicated his satisfaction with the composition of the jury.

We do not believe the record supports the People's characterization of the discussion which occurred between the court and defense counsel. After voir dire, the relevant exchange occurred as follows:

**The Court:** Any challenges for cause, Ms. Lake?

**Counsel:** No, your Honor.

**The Court:** The Court—do you feel you have any other peremptory challenges, Ms. Lake?

**Counsel:** I have seven, your Honor; I've done seven.

**The Court:** I count that you've exercised seven.

**Counsel:** Well, your Honor, given that's the limit, we would not request any further peremptories at this time.

From this exchange, it is unclear whether the district court was asking defense counsel if she had exercised all of her allotted peremptory challenges, or whether the court was inquiring as to whether counsel wished to request an additional peremptory challenge. As such, counsel's reply can readily be interpreted as a simple acknowledgment that she had used all of her seven statutorily-allotted challenges. We therefore find no merit in the People's argument that the discussion between the court and defense counsel indicated Prator's satisfaction with the composition of the jury.

## IV.

In summary, we continue to adhere to the rule established in *Macrander*, that where a challenge for cause is erroneously rejected, reversible error is shown if all statutorily-allotted peremptory challenges are used by the defendant and one of those challenges is also used on the challenged juror. *Macrander*, 828 P.2d at 844. The overriding rationale behind our rejection of a requirement that a defendant request an additional peremptory challenge in order to show prejudice, is that such a requirement would not add or detract from the prejudice already established by the cumulative effect of both the trial court's erroneous ruling on the challenge for cause and the defendant's resultant use of the peremptory challenge to excuse the juror who would otherwise be excluded for cause. Nor do we find merit in the People's contention that the ambiguous exchange between defense counsel and the court indicated counsel's satisfaction with the composition of the jury.

We therefore affirm the judgment of the court of appeals.

MULLARKEY, J., dissents, and ROVIRA, C.J., joins in the dissent.

Justice MULLARKEY dissenting:

The majority concludes that a criminal defendant who exhausts all of his peremptory challenges and uses one of those challenges to exclude a juror who erroneously was not excused for bias is entitled to a new trial. Because I do not believe that the defendant in this case has proven that he was prejudiced by the trial court's error, I respectfully dissent.

I agree with the majority that prospective juror Betty Steele should have been excused for bias and that the trial court's failure to excuse her was error. Steele has three generations of relatives in law enforcement and her statements on *voir dire* showed that she would tend to favor testimony by law enforcement officials. However, apart from seeking to have the juror excused for cause, the defendant did nothing to bring the trial court's attention to its alleged error. By failing to request an additional peremptory challenge and remaining silent, the defendant has not shown that he was prejudiced by a denial of his right to affect the composition of the jury.

In order for an error to require the reversal of a verdict of conviction on appeal, that error must be prejudicial to the rights of the defendant. *See* C.A.R. 35(e) ("The appellate court shall disregard any error or defect not affecting the substantial rights of the parties."). In *People v. Macrander*, 828 P.2d 234 (Colo.1992), we held that a defendant must show: (1) an erroneous

ruling on a challenge for cause, (2) the use of a peremptory challenge by the defense to remove the offending juror, and (3) the defendant's exhaustion of all available peremptory challenges. Without considering Crim.P. 24(d)(3), we noted that defense counsel's request for an additional peremptory challenge was not legally significant. *Id.* at 238–39, n. 5. We also stated that "the number of peremptory challenges is set by statute and is not a matter of judicial discretion."

Crim.P. 24(d)(3), however, provides that, "For good cause shown, the court at any time may add peremptory challenges to either or both sides." Thus, *Macrander* was in error in finding no trial court discretion with respect to the number of peremptory challenges allotted to each side. I believe that, in light of the plain language of Crim.P. 24(d)(3), the defendant should have requested an additional peremptory challenge in order to show prejudice. Because of the rule, we were incorrect in saying in *Macrander* that a request for an additional peremptory challenge was legally insignificant. The majority in the present case is similarly incorrect when it characterizes such a requirement as a needless procedural "hoop." Maj. op. at 842. I see no reason to assume that moving for an additional peremptory challenge is a mere formality and that the motion is sure to be denied. In my view, Crim.P. 24(d)(3) is a useful vehicle which, if properly brought to the court's attention, may serve to avoid error at trial and the eventual necessity of a retrial.

For these reasons, I respectfully dissent.

I am authorized to say that Chief Justice ROVIRA, joins in this dissent.