583 P.2d 939 (1978)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
William R. SCOTT, Defendant-Appellant.
No. 76-886.
Colorado Court of Appeals, Division II.
May 11, 1978.
Rehearing Denied June 8, 1978.
Certiorari Denied August 28, 1978.
*940 J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Linda Palmieri Rigsby, Asst. Attys. Gen., Denver, for plaintiff-appellee.
Rollie R. Rogers, Colorado State Public Defender, James F. Dumas, Jr., Chief Deputy State Public Defender, Lee J. Belstock, Deputy State Public Defender, Denver, for defendant-appellant.
BERMAN, Judge.
Defendant, William R. Scott, was convicted by a jury of introducing contraband in the first degree in violation of § 18-8-203, C.R.S.1973. At the time of the alleged offense defendant was an inmate of the Colorado State Penitentiary. On appeal he contends that the trial court erred in denying *941 his challenges for cause of four prospective jurors and in refusing to grant him a new trial on the basis of certain remarks of the prosecutor in closing argument. We reverse.
Three members of the jury panel worked or had worked at the penitentiary; one was a counselor, one was a baker, and one was a retired guard. Defendant challenged these prospective jurors for cause on the basis of their being present or former compensated employees of a public law enforcement agency. The challenges were denied.[1]
Except for the baker, who served on the jury, these prospective jurors were excused on defendant's peremptory challenges. Defendant exercised the ten peremptory challenges permitted by statute and, apparently through inadvertence, was permitted one additional peremptory challenge, which he also exercised.
Defendant urges that the trial court's denial of his challenges for cause to the penitentiary employees violated statutory provisions and court rules relating to jury selection, § 16-10-103(1)(i) and (k), C.R.S.1973, and Crim.P. 24(b)(1)(IX) and (XII), and in the context of the trial of a penitentiary inmate, abridged his constitutional right to an impartial jury as construed in Tate v. People, 125 Colo. 527, 247 P.2d 665 (1952). We agree that the denial of defendant's challenges for cause was reversible error.
Section 16-10-103(1)(k), C.R.S.1973, and Crim.P. 24(b)(1)(XII), provide:
"The court shall sustain a challenge for cause on one or more of the following grounds:
. . . . .
"The juror is . . . a compensated employee of a public law enforcement agency."
The People contend that the penitentiary, as a state "institution" within the Department of Institutions, see §§ 27-1-104 and 27-20-101, C.R.S.1973,[2] is not a law enforcement agency within the meaning of the above-quoted statute. We disagree.
Section 27-20-103, C.R.S.1973 (1976 Cum. Supp.) (now Colo.Sess.Laws 1977, ch. 223, 17-20-103 at 918), authorizes specified personnel of the penitentiary to perform law enforcement functions, as follows:
"The superintendents of the state penitentiary and their assistants, the guards and keepers, shall be conservators of the peace and as such have the power to arrest or cause to be arrested, with or without process, upon any grounds owned or leased by this state and Colorado and used by the state penitentiary, all persons who break the peace or are found upon said grounds violating any criminal law of this state and to take such persons before any court of competent jurisdiction for trial."
See also § 18-1-901(3)(I), C.R.S.1973 (1976 Cum.Supp.).
In our view, this grant of law enforcement authority to supervisory penitentiary personnel considered together with the penitentiary's extensive involvement with law enforcement functions serves to bring the institution within the meaning of the term "public law enforcement agency" as that term is used in the jury selection statute and rule. Accordingly, since that statute and rule do not discriminate on the basis of the particular function served by the challenged employee, but mandate that all present employees of law enforcement agencies shall be excused from jury service, *942 we conclude that defendant's challenges for cause of the counselor and the baker should have been sustained.
As the jury selection statute and rule do not purport to disqualify former employees of a public law enforcement agency challenged for cause, defendant's challenge of the retired guard member of the jury panel was properly denied. See also Annot., 72 A.L.R.3d 958 (1976).
Since defendant exercised all of his peremptory challenges and failed to disqualify one of the penitentiary employees by peremptory challenge, we conclude that prejudice from denial of his challenges for cause has been established. See Skeels v. People, 145 Colo. 281, 358 P.2d 605 (1961).
In view of our disposition here, we need not address defendant's alternative contentions with regard to the denial of his challenges for cause, or his remaining assignment of error concerning the prosecutor's closing argument.
The judgment is reversed and the cause is remanded for a new trial.
ENOCH, J., concurs.
VanCISE, J., dissents.
VanCISE, Judge, dissenting:
The majority holds that the penitentiary is "a public law enforcement agency" within the meaning of the jury selection statute and rule, and in effect holds that, therefore, all of its employees, regardless of function, are subject to challenge for cause. I do not agree.
The penitentiary at the time of this offense was a state institution, managed, supervised, and controlled by the state department of institutions within the executive branch of the state government. See §§ 27-1-101 and 104, C.R.S.1973. It is "a correctional facility" or a "correctional institution," see §§ 27-2-109(3) and 27-40-101(1), C.R.S.1973 (1976 Cum.Supp.) or a "detention facility." See §§ 18-1-707(9) and 18-8-203(3), C.R.S.1973; see also §§ 18-3-202(1)(f) and 18-3-203(1)(f), C.R.S. 1973 (1976 Cum.Supp.) and § 16-1-105(2), C.R.S.1973. It serves as a place of confinement for persons who have been convicted of felony offenses. See § 27-20-101 et seq. and § 16-11-301, C.R.S.1973. That certain personnel at the penitentiary have arrest powers, § 27-20-103, C.R.S.1973, or are "peace officers" as defined in § 18-1-901(3)(I), C.R.S.1973 (counselors and bakers are not included in this category), does not cause the institution to be classified as a "public law enforcement agency." I see no error in the ruling of the court refusing to exclude these prospective jurors because of their employment by the penitentiary.
Tate v. People, supra, relied on by defendant, is also inapposite. In Tate, defendant's challenge for cause was denied as to a special deputy sheriff whose immediate superior was the complaining witness. The issue was whether the proposed juror was a law enforcement officer, which clearly he was, even though not compensated. Also the court held that bias was presumed under the circumstances. The statute and rule involved in the instant case were not at issue in Tate.
Since the other claims of alleged error raised by defendant have no merit or are, at most, harmless, I would affirm the judgment.
NOTES
[1] Although defendant challenged the counselor on the additional ground of alleged bias, and also challenged for cause a fourth prospective juror stationed at the penitentiary, the denials of these challenges were not assigned as error in the motion for a new trial, and accordingly, we limit our consideration to the challenges for cause detailed above. Crim.P. 33(a); Diebold v. People, 175 Colo. 96, 485 P.2d 900 (1971).
[2] The penitentiary is now a state institution managed, supervised and controlled by the department of corrections. See Colo.Sess.Laws 1977, ch. 223, 17-1-104(1)(a) at 905 and 17-20-101 at 917.