**The PEOPLE of the State of Colorado,
Plaintiff-Appellee,**

v.

**James Jackson NAILOR,
Defendant-Appellant.**

No. 77–971.

Colorado Court of Appeals,
Div. I.

March 15, 1979.

Rehearing Denied April 12, 1979.

Certiorari Granted July 23, 1979.

J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Mary J. Mullarkey, First Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant-appellant.

COYTE, Judge.

Defendant appeals his conviction of first degree criminal trespass, possession of burglary tools, and defacing property, all of

which charges arose from an attempt to break into an automobile. We affirm.

Defendant contends that the trial court erred in denying defendant's challenge for cause of a juror whose automobile had been broken into the previous week. The juror initially questioned her ability to render an impartial verdict, but after further examination, the trial court was satisfied that she would be able to view the evidence fairly. The defense challenged the juror for cause pursuant to § 16–10–103(1)(j), C.R.S.1973 (now in 1978 Repl. Vol. 8). The trial court denied the challenge, and the defense then removed the juror utilizing a peremptory challenge, and ultimately used all of its peremptory challenges.

 The determination of whether a potential juror holds "enmity or bias" toward one of the parties, is essentially a question of fact to be determined by the trial court. *People v. McCrary*, 190 Colo. 538, 549 P.2d 1320 (1976). "If the trial judge is persuaded that the juror would fairly and impartially try the issue, his denial of a challenge for cause should not be disturbed, except where it is made to appear that his denial was clearly an abuse of discretion." *Leick v. People*, 136 Colo. 535, 322 P.2d 674, *cert. denied*, 357 U.S. 922, 78 S.Ct. 1363, 2 L.Ed.2d 1366 (1958). No abuse of discretion is apparent from this record. *See People v. Buckner*, 180 Colo. 65, 504 P.2d 669 (1972).

The defendant next contends that the evidence was insufficient to sustain his convictions. However, upon a review of the record in the light most favorable to the jury's verdict, *People v. Medina*, 185 Colo. 183, 522 P.2d 1233 (1974), we find that the evidence was clearly sufficient to support the jury's verdict.

Judgment affirmed.

PIERCE, J., concurs.

KELLY, J., dissents.

KELLY, Judge, dissenting.

I respectfully dissent.

It is true, as the majority says, that the question whether a potential juror holds "enmity or bias" toward one of the parties is one of fact for the trial court. Here, however, the juror herself was unable to state her belief that she could render an impartial verdict. She repeatedly expressed her doubt that she could be fair, and the fact that she had been a victim of a crime within a week prior to the defendant's trial provided a sound basis for her doubt.

In *Beeman v. People*, Colo., 565 P.2d 1340 (1977), the Supreme Court observed that:

"One cannot assume that the average juror is so endowed with a sense of detachment, so clear in his introspective perception of his own mental processes that he may exclude even the unconscious influence of his preconceptions."

It is inconceivable to me that a court may assume that a juror who has expressed partiality will nevertheless behave with impartiality. In my view, the record shows the juror's bias, and the challenge for cause should have been granted pursuant to § 16–10–103(1)(j), C.R.S.1973 (now in 1978 Repl. Vol. 8).