**No. 79SC152**

**James Jackson Nailor v. The People of the State of Colorado**

(612 P.2d 79)

Decided June 2, 1980.

J. Gregory Walta, State Public Defender, Thomas M. Van Cleave, III, Deputy, for petitioner.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Mary J. Mullarkey, Solicitor General, for respondent.

*En Banc.*

CHIEF JUSTICE HODGES delivered the opinion of the Court.

The court of appeals in *People v. Nailor,* 44 Colo. App. 364. 612 P.2d 1138 (1979) affirmed the petitioner-defendant's conviction for first-degree criminal trespass and possession of burglary tools. We granted certiorari and now hold that the trial court committed reversible error. Therefore, we reverse the judgment of the court of appeals.

The charges against the defendant were based upon an attempt to break into an automobile. The juror in question had her car burglarized only the week before and stated to the court:

"I don't think I should sit on the jury. A week ago I had my car broken into and burglarized. And it was a bad experience and I don't think it would be fair. I have been thinking about it all night and I don't think I could be fair."

An extensive voir dire of the prospective juror was conducted by defense counsel, the district attorney, and the trial judge, and although the juror stated that she believed that she could distinguish her experience from the charges against the defendant, her final position was that there was a serious doubt in her own mind about her ability to be fair and impartial. The trial court denied defense counsel's challenge for cause because the juror's impartiality was merely in doubt and this was not sufficient to render the juror biased. Defense counsel was then forced to use one of his peremptory challenges and he later exhausted all his peremptory challenges. The trial court refused to grant him an additional peremptory challenge, which defense counsel stated would have been used if granted.

It is fundamental to the right to a fair trial that a defendant be provided with an impartial jury. *Maes v. District Court,* 180 Colo. 169, 503 P.2d 621 (1972). To insure that this right is protected, the trial court must excuse prejudiced or biased persons from the jury. The test to be applied is provided in section 16-10-103(1)(j), C.R.S. 1973 (now in 1978 Repl. Vol. 8), and Crim. P. 24(b)(1)(X). The trial court need not grant a challenge for cause if it "is satisfied, from an examination of the juror or from other evidence, that he will render an impartial verdict according to the law and the evidence submitted to the jury at the trial." However, if there is sufficient reason to question the impartiality of the juror, the trial court should grant a challenge for cause and dismiss the juror. *Cf. Jones v. People,* 23 Colo. 276, 47 P. 275 (1896) (A trial court should excuse a juror "if it appears doubtful" that the juror will not follow the court's final instructions on the law.). This standard protects the interests of justice and promotes judicial efficiency.

Of course, the ultimate decision is one for the trial court's sound discretion, since the factors of credibility and appearance which are determinative of bias are best observed at the trial court level. *See Beeman v. People,* 193 Colo. 337, 565 P.2d 1340 (1977).

The trial court here abused its discretion by failing to excuse this potential juror. There was no dispute here about the fact that the juror doubted she could be fair because of her recent "bad experience." From this clear expression of bias, it would be difficult for a trial court to assume that such a juror could render an impartial verdict. Justice would have been served by excusing this potential juror.

The judgment of the court of appeals is reversed and the cause is returned to that court for entry of a judgment reversing the trial court's convictions and remanding for a new trial.