James G. Ricketts, Ph.D. Executive Director Colorado Department of Corrections 6385 N. Academy Blvd. Colorado Springs, CO 80907
Dear Dr. Ricketts:
This opinion letter is in response to your May 9, 1980 letter, in which you inquired whether C.R.S. 1973, 27-20-103 gave correctional officials the authority to arrest trespassers and hold them for sheriff officers. In addition you asked whether C.R.S. 1973, 18-4-504 was a proper statute under which to file charges if a sufficient cause was found. Your opinion request arises from problems experienced with persons trespassing on state property surrounding the perimeters of the correctional facilities. The major concern is the possible introduction of contraband. While there is cooperation with local law enforcement officials, their assistance and response is not immediate, permitting the trespasser to leave before a determination can be made concerning their intentions or actions.
QUESTIONS PRESENTED AND CONCLUSIONS
Your request for an attorney general's opinion presents two questions:
1. Does C.R.S. 1973, 27-20-103 give correctional officials the authority to arrest trespassers and hold them for sheriff officers?
 My conclusion is "yes," under the facts and for the purposes set forth above, and as limited to the Canon Correctional Facility and the Fremont Correctional Facility.
2. Is C.R.S. 1973, 18-4-504 a proper statute under which to file charges if sufficient cause is found?
 My conclusion is "yes." In addition there are other statutes which individuals who are found illegally on Department of Corrections' property may have violated.
ANALYSIS
1. C.R.S. 1973, 27-20-103 was repealed by the Colorado legislature and reenacted as C.R.S. 1973, 17-20-103 (Supp. 1979) in 1977. The new statute was subsequently amended in 1979. 1979 Colo. Sess. Laws ch. 160, § 33, p. 690. As amended the statute provides that
 (t)he superintendents of the correctional facilities at Canon City and their assistants, the guards and keepers, shall be conservators of the peace and as such have the power to arrest or cause to be arrested, with or without process, upon any grounds owned or leased by this state and used by the correctional facilities at Canon City, all persons who break the peace or are found upon said grounds violating any criminal law of this state and to take such persons before any court of competent jurisdiction for trial.
C.R.S. 1973, 17-20-101 (Supp. 1979) defines the correctional facilities at Canon City as the "penitentiary now located at Canon City" which was formerly known as "The Colorado State Penitentiary." This definition thus encompasses what is now called the Canon Correctional Facility (CCF) and the Fremont Correctional Facility (FCF). The Colorado Womens Correctional Facility (CWCF) being created by separate statutory enactment (C.R.S. 1973, 17-21-101 (Supp. 1979)) would therefore not be included under the provisions of 17-20-103.
This statute was cited by the Colorado Court of Appeals in the case of People v. Scott, 41 Colo. App. 66, 583 P.2d 939
(1978), in which the court found the state penitentiary to be a public law enforcement agency. The conviction of the defendant in Scott was reversed on procedural grounds, Judge VanCise dissenting. In his dissent, however, Judge VanCise made it clear that, in his opinion, a "counsellor" and a "baker" were not employees of the Department of Corrections who would come under the coverage of the conservator of the peace statute (17-20-103). It appears clear that the courts will construe this statute very strictly. Thus, it is my opinion that only the superintendents, the assistant superintendents and the correctional officers who work at CCF and FCF have the power of arrest under 17-20-103. Other Department of Corrections administrative staff and employees do not have arrest power. Thus, for example, it is my opinion that none of the employees of the Department of Corrections' central administration office in Colorado Springs or the employees of CWCF has the power of arrest unless he has been denominated a superintendent, assistant superintendent, or correctional officer at CCF or FCF.
It is also clear from a reading of the Department of Corrections statutes that none of the employees of the Buena Vista Correctional Facility or any of the honor camps operated pursuant to Buena Vista's honor camp work program has arrest power under17-20-103. The Buena Vista Correctional Facility is statutorily created separately from the facilities at Canon City (C.R.S. 1973, 17-22-101 et seq., as amended). Nowhere in those statutory powers does there appear any language which would make the superintendents and correctional officers at Buena Vista or related work programs (17-22-107), conservators of the peace. The same is true for the department's honor camps and community corrections facilities located outside of Canon City.
This problem is remedied by C.R.S. 1973, 24-7-101 wherein the state legislature has indicated that "(t)he institutions, agencies and departments of state government, including any institution of higher education, are hereby authorized to employ security officers to protect the property of the institution, agency, or department employing such officer and to perform such other police and administrative functions as may be deemed necessary." Certainly the superintendents and correctional officers at other Department of Corrections facilities can be considered security officers within the meaning of this statute and thus they would have the right to exercise police powers. Further, by virtue of C.R.S. 1973, 24-7-103 they are "granted all the powers conferred by law upon peace officers to carry weapons and to make arrests, but when not on state owned or leased property, such officers shall not have any authority not possessed by private citizens to arrest, investigate, or carry weapons."
I would also draw your attention to C.R.S. 1973, 24-7-104 wherein the legislature has stated that no state property is exempt from the authority of local law enforcement agencies in whose jurisdiction the state property is located, except that representatives of such law enforcement agencies "shall coordinate their official actions on state property with the appropriate security officers, except when emergency circumstances preclude such coordination."
2. The statute which you cite (C.R.S. 1973, 18-4-504) as a proper statute under which to file charges is denominated third degree criminal trespass. A person commits the crime of third degree criminal trespass if he unlawfully enters or remains in or upon premises. Premises is defined at C.R.S. 1973, 18-4-504.5 to mean "real property, buildings and other improvements thereon. . ." This statute would cover any persons found illegally on Department of Corrections' property. The decision as to the appropriate charge, however, would be within the discretion of the district attorney. Obviously there are many other statutes which would cover specific illegal activities taking place on state property near correctional facilities and if there is evidence of such illegal activity potential defendants could be charged with more serious offenses.
SUMMARY
To briefly summarize my opinion, under the facts and for the purposes set forth in the first paragraph of this letter the superintendent, assistant superintendents and correctional officers at CCF and FCF clearly have the right to make an arrest of any person who breaks the peace or who is found upon the grounds of the facility breaking any of the laws of the state. Other employees at CCF and FCF do not have such power. Only employees who can be denominated security officers of the other facilities located in Canon City and throughout the state have the police power of a law enforcement officer. In addition, C.R.S. 1973, 18-5-504 is a state statute under which a person can be prosecuted for his mere illegal entry upon DOC property, but there are other more severe statutes which can be invoked depending upon the conduct of the trespasser.
Very truly yours,
 J.D. MacFARLANE Attorney General
PROPERTY, PUBLIC CONTRABAND CORRECTIONAL FACILITIES CORRECTIONS ARREST PEACE OFFICERS POLICE
C.R.S. 1973, 27-20-103, repealed and reenacted as C.R.S. 1973, 17-20-103 (Cum. Supp. 1979) C.R.S. 1973, 17-20-101 (Cum. Supp. 1979) C.R.S. 1973, 17-21-101 (Cum. Supp. 1979) C.R.S. 1973, 17-22-101 et seq. C.R.S. 1973, 24-7-101
C.R.S. 1973, 24-7-103
C.R.S. 1973, 24-7-104
C.R.S. 1973, 18-4-504
C.R.S. 1973, 18-4-504.5
CORRECTIONS, DEPT. OF Administration
Only correctional officials and officers at the Canon Correctional Facility and Fremont Correctional Facilities have the authority to arrest trespassers and hold them for sheriff's officers. Other statutory schemes are available for security of other correctional facilities, correctional security officers and local law enforcement authorities have jurisdiction on state property. There are a variety of prosecutable offenses depending on the particular factual situation.