The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

James MANNERS, Defendant-Appellant.

No. 84CA0400.

Colorado Court of Appeals, Div. III.

Sept. 19, 1985.

Rehearing Denied Oct. 17, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dolores S. Atencio, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Claire Levy, Matthew L. Goldsmith, Deputy State Public Defenders, Denver, for defendant-appellant.

METZGER, Judge.

Defendant, James Manners, appeals from the judgment of conviction entered upon a jury verdict finding him guilty of second degree assault in violation of § 18–3–203(1)(f), C.R.S. (1984 Cum.Supp.). His sole contention on appeal is that the trial court erred by refusing to dismiss for cause a potential juror. We reverse.

During voir dire, venireman Dr. Clower revealed that he was employed part-time at the state penitentiary's medical clinic, where he was paid on a fee basis. After an *in camera* hearing defendant challenged Dr. Clower for cause. The trial court de-nied the challenge. Defendant subsequently used a peremptory challenge to excuse Dr. Clower, and eventually used all of his allotted peremptory challenges.

Section 16–10–103(1)(k), C.R.S. (1978 Repl. Vol. 8), provides that a "court *shall* sustain a challenge for cause" if "the juror is ... a compensated employee of a public law enforcement agency." (emphasis added) All penitentiary employees, including counselors and bakers, are considered "compensated employees of a public law enforcement agency." *People v. Scott*, 41 Colo.App. 66, 583 P.2d 939 (1978). Under the statute, the actual function of an employee of a law enforcement agency is irrelevant. *People v. Scott, supra.* Also, there need be no showing of actual bias on the part of the employee in order to sustain a challenge for cause. *People in Interest of R.A.D.*, 196 Colo. 430, 586 P.2d 46 (1978).

The People argue that Dr. Clower was a part-time employee of the prison and did not rely on fees from the prison for all of his livelihood. Therefore, they reason, he was analogous to an independent contractor and was not a "compensated employee" as envisioned by the statute. This argument is without merit.

Dr. Clower was in fact a compensated employee of the state penitentiary. Thus, under *People v. Scott, supra* and *People in Interest of R.A.D., supra*, the defendant's challenge for cause should have been granted.

The judgment is reversed and the cause is remanded for a new trial.

BERMAN and TURSI, JJ., concur.