The PEOPLE of the State of Colorado, Petitioner,

v.

Christopher M. YOUNG, Respondent.

No. 99SC426.

Supreme Court of Colorado, En Banc.

Jan. 16, 2001.

Rehearing Denied Feb. 5, 2001.

Ken Salazar, Attorney General, John J. Krause, First Assistant Attorney General, Criminal Justice Section Appellate Division, Denver, CO, Attorneys for Petitioner.

David S. Kaplan, Colorado State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, CO, Attorneys for Respondent.

Chief Justice MULLARKEY delivered the Opinion of the Court.

We granted certiorari to review an unpublished court of appeals' opinion in *People v. Young*, No. 96CA2249 (Colo.App. May 6, 1999), which interpreted our recent decision in *Carrillo v. People*, 974 P.2d 478 (Colo. 1999). After a jury trial, Christopher Young was convicted of three counts of criminal attempt to commit reckless manslaughter, two counts of first degree assault, and one count of second degree assault. Young appealed the judgment to the court of appeals, arguing that the trial court erred in denying a challenge for cause as to one of the potential jurors. The court of appeals reversed the judgment of the trial court, finding that the trial court's ruling constituted reversible error.

The People now argue that the court of appeals failed to apply the appropriate standard of appellate review and failed to give

proper deference to the trial court's ruling on a challenge for cause. We agree and hold that the court of appeals erred in reversing the trial court's ruling on the challenge for cause. Therefore, we reverse the judgment of the court of appeals and remand the case for further proceedings consistent with this opinion.

## I.

The Respondent, Christopher Young, was tried and convicted of assaulting three men with a knife in an altercation that occurred outside the Mirage Bar in Jefferson County. Young's jury trial began on October 8, 1996, and jury selection commenced on that same day. One of the prospective jurors, John Cox, provided responses during voir dire that formed the basis for this appeal.

Cox's voir dire began with the court questioning Cox as to whether he could be fair and impartial to both sides in the case. Cox responded by referring to an unrelated case in Fort Collins where a defendant confessed to sexually assaulting an elderly woman:

> MR. COX: I have two points. The rape, alleged rapist in Ft. Collins there, I think I have a problem if he has admitted his guilt, and we're going to put him on trial and try him and everything. I think that's kind of a waste. And if a person weren't guilty, he wouldn't be here. If he's going to be charged with a crime, why be here. Why is he being here if he's not being charged with a crime, if he weren't guilty, therefore. And I have a hard time kind of differentiating guilty from not guilty. I assume everybody is not guilty, but if a person is charged with a crime, I jump to the conclusion that therefore he is guilty.[1]

In response to this, the court asked Cox whether he would assume that a defendant was guilty based on the fact that a district attorney's office charged the defendant with a crime. Cox responded in the affirmative. The court concluded this discussion by asking Cox:

THE COURT: Okay. So as I understand it, basically you think—you couldn't assume a person innocent if they've been charged, right?

MR. COX: I would have to listen to the evidence, and I would have to think about it. It wouldn't come natural to me.

Later on in the voir dire, defense counsel broached the concept of the presumption of innocence with Cox:

> DEFENSE COUNSEL: Mr. Cox, you know I'm going to talk to you because you said that—I want to use your words, but you said something to the effect that you couldn't—when the judge was talking about a person being presumed to be innocent, and you said that you thought a person must be guilty or the prosecution wouldn't have charged him, and we wouldn't be sitting over here with those kind of charges.
>
> MR. COX: Granted, you and I both know I don't have any information on the case.

Defense counsel again asked Cox whether he felt that Young must be guilty, since the district attorney had charged Young with the crimes at issue. Cox explained:

> MR. COX: This is an idea I have in my head, not particularly against your client.
>
> DEFENSE COUNSEL: Right.
>
> MR. COX: Just in general. Now, because I don't have any particulars on the case, the facts that you were saying, it's going to be difficult. It's not going to be black and white. I'm just saying in general I could think this way. Given more information-let's not be hasty and stupid. The more information a person has, the wiser decision he can make.

Defense counsel concluded his questioning of Cox by asking Cox whether it would be appropriate for someone with his frame of mind to sit on a jury:

> DEFENSE COUNSEL: Would you want a person in your frame of mind deciding a case for someone that you cared about, a person that had a basic philosophy or concept that, gee, the person must be guilty or

---

1. When being questioned, Cox distinguished the Fort Collins case from Young's case by describing the Fort Collins case as "a black and white case" where a defendant confessed to an "inexcusable rape."

he wouldn't be charged, and he wouldn't be sitting over here if he weren't guilty? Would you want—would you want a jury of people with that thought process deciding a case for someone that was important to you?

MR. COX: If they could differentiate and not have their personal ideologies not cloud it. This lady [the prosecutor] is going to present fact. You're going to defend. You're going to present fact. We're going to assume it's fact. Therefore, with the system we have, we have to take that. Now, when I go home, I may agree or disagree with the facts, but I have to go with that and not let my personal judgment cloud that.

At the close of the voir dire, defense counsel requested that Cox be excused for cause. The court summarized defense counsel's position:

THE COURT: The defense challenged Mr. Cox for cause. It was essentially their view that while he may have given the right answers at the end that he expressed an attitude of basically rushing to judgment feeling that anybody who was accused of crime must necessarily be guilty of it and that in the view of the defense he could not set that aside and be a fair juror. I think that was the essence of the defendant's position, but I'm sure it was stated more eloquently by defense. Mr. Garner [Defense counsel], do you want to expand on that at all?

Defense counsel replied that Cox unquestionably revealed distinct bias towards Young, and provided three reasons as evidence of this alleged bias. First, counsel asserted that Cox's philosophy is that a person charged by the district attorney is guilty. Second, counsel argued that Cox would not follow the court's instructions with respect to the presumption of innocence. Third, counsel claimed that Cox was "openly hostile" toward defense counsel.

The trial court disagreed and denied defense counsel's challenge for cause as to Cox:

THE COURT: Obviously, I didn't see it that way. Mr. Cox was certainly an opinionated fellow and had a great deal of faith, I guess, in his own opinions ... [b]ut it appeared to me that ultimately Mr. Cox indicated that he would judge this case based solely on the facts of it and would apply the presumption of innocence.

Subsequently defense counsel exhausted all of his available peremptory challenges, including one used to remove Cox from the panel.

Young was tried and found guilty under sections 18–2–101, 6 C.R.S. (2000)(Criminal Attempt); 18–3–104, 8B C.R.S. (1984 & Supp.1995)(Reckless Manslaughter); 18–3–202, 8B C.R.S. (1984 & Supp.1996)(First Degree Assault); and 18–3–203, 8B C.R.S. (1984 & Supp.1996)(Second Degree Assault). Young appealed the judgment to the court of appeals, arguing that the trial court erred in denying his challenge for cause.

The court of appeals reversed the trial court's ruling on the challenge for cause. *People v. Young*, No. 96CA2249 (Colo.App. Oct. 8, 1998)(*Young I*). The court found that there was no support in the record for the trial judge's finding that Cox would judge the case based solely on the facts and would apply the presumption of innocence. It concluded that the trial court had abused its discretion in denying Young's challenge for cause.

In 1999 this court reviewed the court of appeals' decision, vacated it, and remanded it to the court of appeals for reconsideration in light of *Carrillo v. People*, 974 P.2d 478 (Colo.1999). *People v. Young*, No. 98SC847 (Colo. Mar. 8, 1999)(order). On remand, the court of appeals reaffirmed its first decision, again finding that the trial court abused its discretion in denying Young's challenge for cause. *People v. Young*, No. 96CA2249 (Colo.App. May 6, 1999)(*Young II*).

We granted certiorari to consider whether the court of appeals correctly applied the appropriate standard of review and whether it gave appropriate deference to the trial court's ruling on the challenge for cause.[2]

2. We granted certiorari on the following issue:

(1) Whether the court of appeals misapprehended the high standard of review and ignored the

We now hold that the court of appeals erred in concluding that the trial court should have granted the challenge for cause. Accordingly, we reverse the judgment of the court of appeals and remand the case for further proceedings consistent with this opinion.

## II.

■ To ensure a defendant's right to a fair trial with an impartial jury, a trial court must excuse biased or prejudiced persons from the jury. *Nailor v. People*, 200 Colo. 30, 32, 612 P.2d 79, 80 (1980). This requirement is codified in section 16–10–103, 6 C.R.S. (2000), which states that courts must sustain challenges for cause where "[t]he existence of a state of mind in the juror evinc[es] enmity or bias toward the defendant or the state." § 16–10–103(1)(j), 6 C.R.S. (2000). The statute further provides, however, that:

> No person summoned as a juror shall be disqualified by reason of a previously formed or expressed opinion with reference to the guilt or innocence of the accused, if the court is satisfied, from the examination of the juror or from other evidence, that he will render an impartial verdict according to the law and the evidence submitted to the jury at the trial.

*Id.* Thus, in determining whether a potential juror should be disqualified for bias, a court must consider whether the juror will render a fair and impartial verdict according to the law and the evidence presented at trial. *People v. Fuller*, 791 P.2d 702, 706 (Colo. 1990). If the trial court is satisfied that the juror will issue an impartial verdict, the juror should not be dismissed for cause. *People v. Veloz*, 946 P.2d 525, 530 (Colo.App.1997); *People v. Romero*, 42 Colo.App. 20, 24, 593 P.2d 365, 369 (1978).

■ In *Carrillo*, we established that the standard for appellate review of a trial court's ruling on a challenge for cause is whether the trial court abused its discretion. *Carrillo*, 974 P.2d at 485. We noted that this

is "a very high standard of review," giving deference to the trial court's assessment of potential jurors' credibility. *Id.* at 485–86.

When it considered the present case on remand, the court of appeals appeared to interpret *Carrillo* as lowering the standard of appellate review. That was not our intent. It is true that in *Carrillo*, we rejected the People's request that we adopt a heightened standard of appellate review. We did so, however, because the abuse of discretion standard already gives broad discretion to the trial court.

■ This standard recognizes that the trial court's ability to evaluate the demeanor and body language of prospective jurors places it in a superior position to interpret a juror's statements when actual bias is claimed. *Carrillo*, 974 P.2d at 486. We reasoned that:

> We have accorded a trial court considerable discretion in ruling on causal challenges predicated on actual bias primarily because such challenges require an assessment of the prospective juror's credibility, demeanor, and sincerity in explaining his or her state of mind and because the trial court is in a preferred position to evaluate those factors.

*Id.* (citing *People v. Macrander*, 828 P.2d 234, 239 (Colo.1992)). An appellate court must review the entire voir dire at issue when reviewing a trial court's ruling on a challenge for cause in order to place the juror's statement in context. *Id.* However, the *Carrillo* standard "serves to discourage an appellate court from second-guessing [the] judgments [of the trial court] based on a cold record." *Id.*

■ Following the standard established in *Carrillo*, we find that the trial court in this case did not abuse its discretion in denying a challenge for cause as to Cox. Contrary to the court of appeals' conclusion, there is support in the record for the trial court's determination that Cox would decide the case on

---

deference that must be granted a trial court's ruling on a challenge for cause to a potential juror when it reversed a conviction solely on the grounds that its reading of the language of the transcript led to a conclusion different than

that of the trial court, where there was support for the trial court's ruling in the record and where that ruling was based on the trial court's firsthand observation of the prospective juror in question.

the facts and would apply the presumption of innocence.

Although Cox's initial responses on voir dire may have raised questions about his understanding of the presumption of innocence, the record as a whole supports the trial court's final determination that he could be fair and impartial. First, the record supports the trial court's conclusion that Cox would judge the case based solely on the facts. During his individual voir dire and in response to a question raised by defense counsel, Cox replied:

> [The prosecutor] is going to present fact. You're going to defend. You're going to present fact. We're going to assume it's fact. Therefore, with the system we have, we have to take that. Now, when I go home, I may agree or disagree with the facts, but I have to go with that and not let my personal judgment cloud that.

Thus, the record reveals that Cox was willing to hear all of the evidence presented in the case, would set aside his personal feelings, and would decide the case based on that evidence.

Second, regarding the issue of the presumption of innocence, Cox first stated that he would "jump to the conclusion" that a person charged with a crime would be guilty. He later amended this response, however, admitting that although he would not naturally assume a person innocent if charged, he would have to listen to the evidence presented and "think about it" before reaching a decision. In response to defense counsel, he acknowledged that Young's case was not a "black and white case," and emphasized that "you and I both know I don't have any information on this case." The trial court's conclusion is further supported by the voir dire of the entire jury panel after the individual voir dire had finished. Defense counsel approached the panel of prospective jurors and stated, "We've already talked about the presumption of innocence and I take it no one disagrees with that." None of the jurors, including Cox, voiced any disagreement.

It is not unusual for a juror to be confused or uncertain about the presumption of innocence because it is a difficult legal concept .[3] As the United States Supreme Court explained in *Bell v. Wolfish,* 441 U.S. 520, 533, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979):

> The presumption of innocence is a doctrine that allocates the burden of proof in criminal trials; it may also serve as an admonishment to the jury to judge an accused's guilt or innocence solely on the evidence adduced at trial and not on the basis of suspicions that may arise from the fact of his arrest, indictment, or custody, or from other matters not introduced as proof at trial.

In the context of this case, it is clear that the presumption of innocence was used by the court as an admonishment. Cox's responses on voir dire reveal that he understood the importance of assessing the case on its facts and indicated that he would do so.

In conclusion, although the record is somewhat ambiguous, we cannot find that the trial court abused its discretion in denying Young's challenge for cause as to the prospective juror, Cox. The trial court was in the best position to evaluate Cox, and we find that the trial court acted within its discretion in determining that Cox would judge the case based solely on its facts and would apply the presumption of innocence, therefore rendering a fair and impartial verdict according to the law and the evidence presented at trial.

Contrary to the court of appeals, we do not believe that this deferential standard of review insulates trial court decisions from appellate review. Reversals on juror challenges, however, should be rare. If the juror's recorded responses are unclear only the trial court can assess accurately the juror's intent from the juror's tone of voice, facial

---

**3.** Studies of juror comprehension of legal principles reveal that many jurors do not understand the concept of the presumption of innocence. *See, e.g.,* David U. Strawn and Raymond W. Buchanan, *Jury Confusion: A Threat to Justice,* 59 Judicature 478, 481 (May, 1976)(finding that fifty percent of surveyed jurors did not understand the presumption of innocence); Bradley Saxton, *How Well Do Jurors Understand Jury Instructions? A Field Test Using Real Juries and Real Trials in Wyoming,* 33 Land & Water L.Rev. 59, 97 (1998)(statistics revealed that forty percent of jurors believed that the fact that the state brought charges against a defendant was "some evidence" or "strong evidence" that the defendant was guilty).

expressions, and general demeanor. The record in this case does not reveal that Cox had any clear bias against Young which would make his dismissal from the jury compulsory. In addition, Cox stated that he would listen to the evidence presented at trial before making a final decision as to Young's guilt or innocence. Thus, the trial court's ruling on the challenge for cause should not be disturbed on review.

### III.

For the reasons stated above, we conclude that the court of appeals did not apply the appropriate standard of review and did not give appropriate deference to the trial court's ruling on the challenge for cause. We reverse the judgment of the court of appeals and remand the case to that court to consider Young's additional grounds for error on appeal.