**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Bruce Lee SOMMERFELD, Defendant–Appellant.**

### No. 07CA1983.

Colorado Court of Appeals, Div. VII.

June 11, 2009.

John W. Suthers, Attorney General, Wendy J. Ritz, First Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Stephen C. Arvin, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge J. JONES.

Defendant, Bruce Lee Sommerfeld, appeals the judgment of conviction entered on jury verdicts finding him guilty of distribution and possession of marijuana. Because we conclude that the district court erroneously denied defendant's challenge for cause to a prospective juror employed by the Division of Youth Corrections (DYC), we reverse defendant's convictions and remand for a new trial.

## I. Background

An undercover police officer purchased a small amount of marijuana from defendant. Officers arrested defendant, and during a search incident to the arrest, one of the officers found an additional small quantity of marijuana in one of defendant's pockets.

The People charged defendant with one count of distribution of marijuana in violation of section 18–18–406(8)(b)(I), (II)(A), C.R.S. 2008, a class 4 felony.

During voir dire, a prospective juror, T.L., revealed that she was employed by the DYC as an assistant director of one of the DYC's facilities. Defendant's counsel challenged T.L. for cause, apparently on the basis that she was a compensated employee of a public law enforcement agency. *See* § 16–10–

103(1)(k), C.R.S.2008 (providing that the court must sustain a challenge for cause to such an individual); Crim. P. 24(b)(1)(XII) (same). The court denied the challenge. Defendant used one of his peremptory challenges to excuse T.L. from the jury, and ultimately used all of his peremptory challenges.

The jury found defendant guilty of the distribution charge as well as the lesser non-included offense of possession of one ounce or less of marijuana, a class 2 petty offense.[1] The court sentenced defendant to two years in the custody of the Department of Corrections (DOC), plus three years of mandatory parole.

## II. Challenge for Cause

Defendant contends initially that he is entitled to a new trial because the district court erroneously denied his challenge for cause to prospective juror T.L. We agree.

The issue defendant presents is whether T.L., a compensated employee of the DYC, is a compensated employee of a "public law enforcement agency" within the meaning of section 16–10–103(1)(k) and Crim. P. 24(b)(1)(XII). Our resolution of this issue requires interpretation of a statute and a substantially similar rule of criminal procedure, based on undisputed facts. Therefore, although we ordinarily review a district court's denial of a challenge for cause for an abuse of discretion, *People v. Young,* 16 P.3d 821, 824 (Colo.2001), our review in this case is de novo. *People v. Romero,* 197 P.3d 302, 305 (Colo.App.2008); *see People v. Macrander,* 828 P.2d 234, 239–40 (Colo.1992).

■ Section 16–10–103(1)(k) requires the court to sustain a challenge for cause to a prospective juror who is "a compensated employee of a public law enforcement agency." *Accord* Crim. P. 24(b)(1)(XII). In this context, a "public law enforcement agency" is a "police-like division of government that has the authority to investigate crimes and to arrest, to prosecute, or to detain suspected criminals." *Ma v. People,* 121 P.3d 205, 211 (Colo.2005).

In *People v. Scott,* 41 Colo.App. 66, 583 P.2d 939 (1978), a division of this court held that a state prison was a public law enforcement agency for purposes of section 16–10–103(1)(k) and Crim. P. 24(b)(1)(XII). The division relied on the facts that supervisory prison employees were statutorily authorized to arrest persons who break the criminal laws and the prison had "extensive involvement with law enforcement functions...." *Id.* at 67–68, 583 P.2d at 941; *see also Ma,* 121 P.3d at 211 (recognizing that decisional law holds that the DOC is a public law enforcement agency for juror disqualification purposes); *People v. Urrutia,* 893 P.2d 1338, 1345 (Colo.App.1994) (same).

In *Romero,* another division of this court held that a community corrections program is sufficiently similar to the DOC to render it a public law enforcement agency for purposes of section 16–10–103(1)(k) and Crim. P. 24(b)(1)(XII). Specifically, the division noted that community corrections facilities hold offenders in custody, community corrections personnel have the authority to detain suspected offenders and to arrest persons who commit crimes, and such personnel are extensively involved in law enforcement functions. *Romero,* 197 P.3d at 306–07.

■ After reviewing the statutory and regulatory provisions identifying the functions and powers of the DYC, its employees, and those working under its supervision, we conclude that the DYC, like the DOC and community corrections programs, is a public law enforcement agency within the meaning of section 16–10–103(1)(k) and Crim. P. 24(b)(1)(XII).

The DYC is a division of the Department of Human Services (DHS). Among other functions, the DYC is responsible for providing and operating juvenile detention services and facilities. §§ 19–2–203, –402, C.R.S.2008; *see also* DYC Policy 1. 1, *available at* http://www.cdhs.state.co.us/dyc/PDFs/P–1–1.pdf. Directors of juvenile detention facilities (who are appointed by the director of the DYC) receive and detain juvenile offenders, evaluate juvenile offenders, and take measures to prevent recruitment of new gang members

1. The court instructed the jury on the lesser noninciuded offense at defendant's request.

from among juveniles in the DHS's custody. § 19–2–205(2)(b)–(d), C.R.S.2008.

The DHS is responsible for overseeing and administering juvenile parole services. § 19–2–202, C.R.S.2008. Juvenile parole services are administered by the DYC, under the supervision of the director of the DYC. § 19–2–209(1), C.R.S.2008. Parole officers, acting under the direction of the director of the DYC, supervise juvenile parolees and may investigate whether parolees are complying with conditions of parole. § 19–2–1003(1)–(2), C.R.S.2008.

The director of the DYC and juvenile parole officers may arrest juvenile parolees in a variety of circumstances, including when a juvenile parolee has committed a criminal offense or otherwise violated a condition of parole. § 19–2–1004(1), C.R.S.2008; *see also* DYC Policies 16.9, 16.13, *available at* http://www.cdhs.state.co.us/dyc/PDFs/P–16–9.pdf, http://www.cdhs.state.co.us/dyc/PDFs/P–16–13.pdf. These parole officers have the powers of "peace officers," § 19–2–1003(3), which include the authority to enforce all laws of the state and to carry firearms, § 16–2.5–101, C.R.S.2008, and may also take a juvenile into custody pursuant to a warrant. § 19–2–503, C.R.S.2008; *see also* § 19–2–1004(1)(a).

It is therefore clear that the DYC and certain of its personnel investigate violations of the law; arrest juveniles suspected or accused of violating the criminal laws; and detain juveniles suspected, accused of, or found to have violated the criminal laws. Accordingly, the DYC is a public law enforcement agency within the meaning of section 16–10–103(1)(k) and Crim. P. 24(b)(1)(XII).

We reject the People's contention that the DYC is analogous to various government agencies which divisions of this court have concluded are not public law enforcement agencies. *See People v. Speer,* 216 P.3d 18 (Colo.App.2007) (federal Transportation Security Agency) (*cert. granted* Dec. 15, 2008); *People v. Simon,* 100 P.3d 487, 490–91 (Colo.App.2004) (federal Environmental Protection Agency); *Urrutia,* 893 P.2d at 1345–46 (federal Department of Defense); *People v. Zurenko,* 833 P.2d 794, 796 (Colo.App.1991) (state Department of Social Services and federal Equal Employment Opportunity Commission). The agencies at issue in those cases either did not have the authority to arrest, prosecute, or detain suspected criminals, or else any such authority was entirely incidental to the agencies' essential functions. Contrary to the People's suggestion here, the DYC's authority to arrest and detain suspects and those juveniles found to have violated the law is not merely incidental to but is an integral part of its essential functions.

We are also unpersuaded by the People's argument that the DYC is not a public law enforcement agency because the juvenile justice system is not designed primarily to adjudicate and sanction criminal conduct. *See Bostelman v. People,* 162 P.3d 686, 691 (Colo. 2007). The fact remains that the criminal laws are enforced in the juvenile justice system, albeit with consequences which differ from those in the adult criminal justice system. *See* § 24–4.1–302(1.3), C.R.S.2008 (identifying DYC, along with county jails, community corrections, and DOC as a "correctional facility" for purposes of the Colorado Crime Victim Compensation Act); *cf. Scott,* 41 Colo.App. at 68, 583 P.2d at 941 (concluding that the functions of a prison and its employees were dispositive, rather than the fact the prison was part of the Department of Institutions). And, as noted, the DYC and certain of its personnel perform functions identical to those performed by other law enforcement agencies, including the DOC and community corrections programs. *See* DYC Policy 1.1(I), *available at* http://www.cdhs.state.co.us/dyc/PDFs/P–1–1.pdf (stating: "THE MISSION OF THE [DYC] IS TO PROTECT, RESTORE, AND IMPROVE PUBLIC SAFETY....").

We thus conclude T.L. was employed by a public law enforcement agency. Her particular responsibilities are not relevant for purposes of applying section 16–10–103(1)(k) and Crim. P. 24(b)(1)(XII). *See Speer,* 216 P.3d 18; *People v. Manners,* 708 P.2d 1391, 1392 (Colo.App.1985); *Scott,* 41 Colo.App. at 68, 583 P.2d at 941. Because the district court erroneously denied defendant's challenge for cause, defendant used a peremptory challenge to excuse T.L., and defendant used all of his peremptory chal-

**574**

lenges, we must reverse defendant's conviction and remand for a new trial. *See Ma*, 121 P.3d at 207, 212; *Macrander*, 828 P.2d at 244.

### III. Evidentiary Ruling

Defendant also contends that the court erred in allowing into evidence an exhibit—a bag of marijuana—that had not been authenticated properly. Because it is not clear that the prosecution will seek to admit the evidence using the same foundational testimony in the event of a retrial, we decline to address this issue.

The judgment is reversed and the case is remanded as directed.

Judge RUSSEL and Judge CONNELLY concur.