The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Edrien Renard HANCOCK,
Defendant–Appellant.

No. 06CA2206.

Colorado Court of Appeals,
Div. VI.

Oct. 15, 2009.

John W. Suthers, Attorney General, Jennifer L. Ward, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Stephen Arvin, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge LOEB.

Defendant, Edrien Renard Hancock, appeals the judgment of conviction entered on jury verdicts finding him guilty of second degree burglary and criminal mischief. We reverse and remand for a new trial.

Defendant contends the trial court committed reversible error when it denied his challenge for cause to a prospective juror, because the juror refused to hold the prosecution to its burden of proof. We agree.

## I. Standard of Review and Applicable Law

A defendant in a criminal proceeding has a fundamental right to a trial by fair and impartial jurors. *Nailor v. People*, 200 Colo. 30, 32, 612 P.2d 79, 80 (1980); *People v. Luman*, 994 P.2d 432, 434 (Colo.App.1999). The right to challenge a juror for cause is an integral part of a fair trial. *Carrillo v. People*, 974 P.2d 478, 486 (Colo.1999).

To ensure that the right to a fair trial is protected, the trial court must excuse prejudiced or biased persons from the jury. *Nailor*, 200 Colo. at 32, 612 P.2d at 80; *see* § 16–10–103(1)(j), C.R.S.2009 (requiring court to sustain challenge for cause based on the "existence of a state of mind in the juror evincing enmity or bias toward the defendant or the state").

A trial court must grant a challenge for cause if a prospective juror is unwilling or unable to accept the basic principles of criminal law and to render a fair and impartial verdict based on the evidence admitted at trial and the court's instructions. *Morrison v. People*, 19 P.3d 668, 672 (Colo.2000). If the court has genuine doubt about the juror's ability to be impartial under the circumstances, it should resolve the doubt by sustaining the challenge. *Id.; Luman*, 994 P.2d at 435.

Where a trial court erroneously denies a challenge for cause and the defendant exhausts his or her peremptory challenges, reversal is required without any further showing of prejudice. *People v. Macrander*, 828 P.2d 234, 244 (Colo.1992); *People v. Merrow*, 181 P.3d 319, 322 (Colo.App.2007); *see Morrison*, 19 P.3d at 671 (defendant who exhausts peremptory challenges is not required to have used a peremptory challenge to remove the objectionable juror in order to preserve a claim of improper denial of challenge for cause to that juror).

We review a trial court's denial of a challenge for cause for an abuse of discretion. *Carrillo*, 974 P.2d at 485. To determine whether the trial court abused its discretion, we must review the entire voir dire of the prospective juror. *Id.* at 486.

Reviewing courts give considerable deference to the trial court's ruling on a challenge for cause, particularly when the ruling is based on the prospective juror's credibility, demeanor, and sincerity in explaining his or her state of mind. *See People v. Young*, 16 P.3d 821, 824 (Colo.2001); *Carrillo*, 974 P.2d at 486. Reversals on juror challenges are thus infrequent, largely because it is recognized that, where a juror's recorded responses are unclear or ambiguous, "only the trial court can assess accurately the juror's intent from the juror's tone of voice, facial expressions, and general demeanor." *Young*, 16 P.3d at 825–26.

However, notwithstanding the wide discretion accorded trial courts and the deferential standard of review applicable to rulings on challenges for cause, appellate courts may not abdicate their responsibility to ensure that the requirements of fairness are fulfilled. *Morgan v. People*, 624 P.2d 1331, 1332 (Colo.1981); *Luman*, 994 P.2d at 435.

Thus, denials of challenges for cause have been reversed where prospective jurors have made statements demonstrating bias and there are no other statements in the record that would permit the reviewing court to affirm based on deference to the trial court's assessment of unclear or ambiguous responses. *See People v. Gurule*, 628 P.2d 99, 103 (Colo.1981)(reversal required where juror's responses "did not manifest that type of uncertainty or ambivalence that, of necessity,

would have required the court to assess her credibility and general demeanor in ruling on the defendant's challenge for cause"); *Morgan*, 624 P.2d at 1332 (reversal required where, although juror indicated he could "go along" with principles of law regarding presumption of innocence and right to remain silent, he repeatedly indicated that he would have difficulty applying the principle that the burden of proof rests solely on the prosecution); *Nailor*, 200 Colo. at 31, 612 P.2d at 80 (error to deny challenge for cause where juror's "final position was that there was a serious doubt in her own mind about her ability to be fair and impartial"); *Merrow*, 181 P.3d at 321 (when potential juror's statements "compel the inference that he or she cannot decide crucial issues fairly, a challenge for cause must be granted in the absence of rehabilitative questioning or other counterbalancing information"); *People v. Wilson*, 114 P.3d 19, 22–23 (Colo.App.2004) (error to deny challenge for cause where juror stated that defendant had "a strike against him" because of his alcohol abuse); *Luman*, 994 P.2d at 435–36 (where juror's responses indicated that her history would make it problematic for her to be fair in case involving sexual assault on a child, and she finally agreed only reluctantly and equivocally that her empathy for the victim would not work against defendant, division could not "say that the demeanor of the juror, however compelling, could overcome the clear implications of her responses and significant concerns over her inability to be fair"); *People v. Blackmer*, 888 P.2d 343, 344–45 (Colo.App. 1994) (error to deny challenge for cause where juror indicated she would have difficulty applying principles of law unless she heard defendant testify); *People v. Zurenko*, 833 P.2d 794, 797 (Colo.App.1991)(where juror's responses to defendant's voir dire questions indicated significant bias in favor of prosecution witness, and no attempt was made thereafter to determine whether she would nevertheless be capable of rendering a verdict based on the law and evidence, reviewing court could "not assume" that juror would render an impartial verdict).

## II. Voir Dire

Here, the trial court began voir dire by explaining briefly, among others, the laws regarding the presumption of innocence and the prosecution's burden of proof:

> The defendant is presumed to be innocent; therefore, the prosecution has the burden of proving the charges beyond a reasonable doubt. The jury will decide whether the prosecution has proven beyond a reasonable doubt that the defendant has done the things that are contained in the Information.

After exploring the prospective jurors' qualifications for jury service, the court explained in more detail the presumption of innocence and the prosecution's burden of proof:

> [E]very person charged with a crime is presumed innocent. This presumption of innocence remains with the defendant throughout the trial and should be given effect by you unless, after considering all the evidence, you are then convinced that the defendant is guilty beyond a reasonable doubt.
>
> The burden of proof is upon the prosecution to prove to the satisfaction of the jury beyond a reasonable doubt the existence of all of the elements necessary to constitute the crime charged.... If you find from the evidence that each and every element has been proven beyond a reasonable doubt, you will find the defendant guilty. If you find from the evidence that the prosecution has failed to prove any one or more of the elements beyond a reasonable doubt, you will find the defendant not guilty.

During the prosecution's voir dire, several prospective jurors, including prospective juror N., were asked the general question whether they would be willing to follow the law as it was given to them by the court. Each prospective juror, including prospective juror N., responded affirmatively. The prosecutor then inquired generally whether everyone understood that the defendant was presumed innocent, and that it was the prosecutor's burden to prove each element of the alleged offenses beyond a reasonable doubt. There were no verbal responses given.

Subsequently, when defense counsel asked prospective juror N. specifically whether she thought it was defense counsel's job to "create the reasonable doubt" or whether it was the prosecutor's job to show "there is no

reasonable doubt," the following exchange occurred.

PROSPECTIVE JUROR N.: Well, I think your job is to prove that your client's not guilty, and it's [the prosecutor's] job to show that there's [no] reasonable doubt.

DEFENSE COUNSEL: So you think I do have to prove something.

PROSPECTIVE JUROR N.: Absolutely.

DEFENSE COUNSEL: What if—okay. So do you think that if you're not sure at the end of the trial, you're just really not sure, do you think that—or say you think maybe he did something, you're still really not sure, do you think that you would have to find him guilty because I haven't proven it otherwise?

PROSPECTIVE JUROR N.: Probably.

DEFENSE COUNSEL: Okay. And if I tell you that the law says that it's [the prosecutor's] burden and I don't have a burden at all, and if she doesn't prove it to you, do you think you're still going to maybe kind of think, ["]Well, you haven't proven anything to me, he's probably guilty?["]

PROSPECTIVE JUROR N.: I don't know. Sort of on the fence.

DEFENSE COUNSEL: It's kind of what?

PROSPECTIVE JUROR N.: I'm kind of on the fence. I'd be [on] the fence.

DEFENSE COUNSEL: Do you think it's maybe wrong that the law says that the burden is entirely on the district attorney, and I could just sit there and do nothing?

PROSPECTIVE JUROR N.: I don't think your job is not to do nothing, but I think your job is to prove to us that your victim [sic] is—circumstances of, you know—

DEFENSE COUNSEL: Okay.

PROSPECTIVE JUROR N.:—of not guilty.....

DEFENSE COUNSEL: If the Judge tells you that I don't have to prove anything, that it's only the district attorney who has to prove something, do you doubt whether you can hold [the prosecutor] to that burden?

PROSPECTIVE JUROR N.: Well, I would question why you weren't representing your client.

DEFENSE COUNSEL: Okay. And any—but what result does that have for [defendant]? If you think that—I mean, I'd agree, I'm a bad lawyer if I don't say anything—but what does that mean for [defendant] for whether he's guilty or innocent, guilty or not guilty?

PROSPECTIVE JUROR N.: There would be no evidence. It wouldn't be a balance of evidence.

DEFENSE COUNSEL: Okay. And do you think it needs to be a balance of evidence?

PROSPECTIVE JUROR N.: Absolutely.

. . .

DEFENSE COUNSEL: Okay. And so correct me if I'm putting words in your mouth. Ms. [N.], I think, thinks that it's sort of a balancing of the evidence, and one side has to prove one thing and the other side has to prove one thing, that you sort of do a weighing test at the end, and we both have a[n] equal burden. Would you say that?

PROSPECTIVE JUROR N.: Absolutely.

Later, after prospective juror N. stated that she believed witnesses sometimes lie on the witness stand, she and defense counsel had the following exchange.

DEFENSE COUNSEL: ... Ms. [N.], what happens if you come in here and you hear the district attorney's evidence and you think it's not physically possible, but you hear a few witnesses saying, I saw it. What if I can't give you a reason why they're not telling the truth? What if you think that's completely inconsistent, I think it couldn't happen? What if I can't give you a reason why? What do you think about that?

PROSPECTIVE JUROR N.: It would be hard. It would be really hard.

DEFENSE COUNSEL: Be hard to make a decision or it would be hard to hold [the prosecutor] to her burden of proof or what would be—

PROSPECTIVE JUROR N.: I think it would be an inconsistency on both sides.

DEFENSE COUNSEL: Okay. And what do you think you'd do with an inconsistency on both sides?

PROSPECTIVE JUROR N.: Not be able to make a fair decision.

DEFENSE COUNSEL: You don't think you could make a fair decision then?

PROSPECTIVE JUROR N.: I wouldn't want to punish someone for something that they didn't do, or not punish them for something that they did without the evidence.

No further questions were asked of juror N. by either counsel or the trial court.

Defense counsel challenged prospective juror N. for cause, and the trial court denied the challenge without explanation. Counsel then removed prospective juror N. with a peremptory challenge and exhausted all of defendant's remaining peremptory challenges. This appeal followed.

### III. Analysis

■ Notwithstanding the deference we must accord to a trial court's ruling on a challenge for cause, we conclude that the trial court's denial of this particular challenge cannot be upheld.

Although prospective juror N. initially told the prosecutor that she was willing to follow the law, later, when defense counsel asked her to apply the laws concerning the presumption of innocence and the prosecution's burden of proof to specific hypothetical situations, she was either unwilling or unable to do so. When asked if she would find defendant guilty if she was "really not sure," but the defense had not proved otherwise, prospective juror N. answered, "Probably." After defense counsel reminded prospective juror N. that the burden of proof was entirely on the prosecution and that the defense did not have to prove anything, prospective juror N. continued to express her belief that each side had something to prove—that there needed to be "a balance of the evidence," and that each party had an "equal burden." Prospective juror N. never wavered from this position, even in her final response, where she indicated that she would not be able to make "a fair decision" if the prosecution presented conflicting evidence and the defense was unable to resolve the inconsistency.

This is not a case in which there was "rehabilitative questioning or other counterbalancing information," *Merrow*, 181 P.3d at 321, that would provide a basis for upholding the denial of the challenge for cause. *Cf. People v. Zamora*, 220 P.3d 996, 1001–02 (Colo.App. No. 08CA0219, Sept. 3, 2009). Nor did the trial court make any credibility findings or assessments of prospective juror N.'s demeanor to which we must defer. *Id.* at 1017.

Under these circumstances, we conclude that the trial court abused its discretion in denying defendant's challenge for cause to prospective juror N., and that defendant's conviction must therefore be reversed. *See Macrander*, 828 P.2d at 244; *Merrow*, 181 P.3d at 322.

In so concluding, we are not persuaded by the People's reliance on *People v. O'Neal*, 32 P.3d 533 (Colo.App.2000), to support their argument that the trial court's ruling should be affirmed. There, a division of this court upheld the trial court's denial of a challenge for cause because nothing during the voir dire demonstrated the prospective juror would refuse to follow the court's instructions. *See O'Neal*, 32 P.3d at 536. Here, there was ample evidence that prospective juror N. was either unwilling or unable to follow the court's instructions regarding the presumption of innocence and the prosecution's burden of proof.

We are mindful of the difficulties that trial courts encounter in empanelling juries, *Wilson*, 114 P.3d at 24; the costs exacted by retrial in cases such as this, *Merrow*, 181 P.3d at 322 (Webb, J., specially concurring); and the need to strike in favor of an accused the balance between these difficulties and costs, on the one hand, and the defendant's right to an impartial jury, on the other hand. *Wilson*, 114 P.3d at 22.

However, we do not perceive that some level of rehabilitative questioning or a need to make express credibility findings, where appropriate, would increase the difficulty in empanelling a jury or reduce the certainty of convictions. Indeed, the trial court here could have done at least one of three things to provide a clearer record on appeal: (1) recognize that prospective juror N. was deeply conflicted and dismiss her for cause; (2) follow-up prospective juror N.'s consistent expressions of doubt in her ability or willingness to follow the law as to the presumption

of innocence and the prosecution's burden of proof with effective rehabilitative questioning prior to denying the challenge for cause; or (3) explain on the record why prospective juror N.'s clear statements of doubt in her willingness or ability to follow the law should be disregarded in favor of an earlier general and seemingly inconsistent statement. In our view, none of these options is particularly time consuming or difficult, especially when viewed in relation to a defendant's fundamental right to an impartial jury.

The judgment of conviction is reversed, and the case is remanded for a new trial.

Judge HAWTHORNE and Judge RICHMAN concur.